Filed 9/29/15  In re D.T. CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re D.T., a Person Coming Under the Juvenile Court Law. | B258878 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>SUZANNE M.,<br><br>        Defendant and Appellant. | (Los Angeles County Super. Ct. No. DK03776) |

        APPEAL from an order of the Superior Court of Los Angeles County,
Tony Richardson, Judge.  Reversed in part, affirmed in part.

        Aida Aslanian, under appointment by the Court of Appeal, for Defendant and
Appellant.

        Mark J. Saladino, County Counsel, Dawyn R. Harrison, Assistant County Counsel,
and Kim Nemoy, Principal Deputy County Counsel, for Plaintiff and Respondent.

INTRODUCTION

Legal guardian Suzanne M. appeals from the order of the juvenile court sustaining a petition under Welfare and Institutions Code[1] section 300, subdivisions (b) and (d) after finding true that Suzanne has a history of alcohol abuse, domestic violence, emotional problems, and had sexually abused her grandson and ward, D.T. We conclude there is no evidence to support the allegations that Suzanne sexually abused D. or that the child is at risk of sexual abuse. Accordingly, we reverse the portion of the jurisdictional order finding true counts (b)(5) and (d)(1). In all other respects, the order is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

The Department of Children and Family Services (the Department) filed and the juvenile court sustained a petition alleging that Suzanne, grandmother and guardian of then 10-year-old D., and her male companion engaged in a violent altercation outside Suzanne's house while the child was inside, and Suzanne's history of alcohol abuse along with her emotional problems placed the child at risk of harm. (§ 300, subd. (b).)

More relevant to this appeal, the court sustained counts (b)(5) and (d)(1), as amended to conform to proof, under section 300, subdivision (b) (neglect and failure to protect) *and* subdivision (d) (sexual abuse). Those counts read, "On 1/6/14, the child, [D.T.]'s legal guardian maternal grandmother, Suzanne M[.], engaged in sexual relation[s] with the legal guardian's male companion, [S.T.] while the child and the [Department's] Children's Social Worker, Rebecca M[.], were present in the home, and in an area that was accessible to the minor, by orally copulating the male companion. The *sexual abuse* of the child by the legal guardian endangers the child's physical health and safety and places the child at risk of physical harm, damage, danger *and sexual abuse*." (Italics added.)

The events leading to the allegations in counts (b)(5) and (d)(1) are that the social worker came to Suzanne's house in response to a police report of domestic violence. She

---

[1] All statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

was greeted by a woman who indicated that Suzanne was in the garage, a detached building. On her approach, the social worker found Suzanne orally copulating her male companion. Suzanne apologized and went with the social worker into the house to find D. Eventually, D. was detained from Suzanne and the Department filed the petition.

At the jurisdiction hearing, Suzanne pled no contest, apparently to all counts except (b)(5) and (d)(1). As to those counts, D.'s attorney argued that D. has never witnessed inappropriate sexual behavior and that the petition's allegations do not show risk to the child. The only activity that D. has seen is hugging, kissing, or lying on the couch. The Department countered, and the trial court agreed, that Suzanne was engaging in sexual activity "in an area that was easily accessible to the minor. It wasn't something that was done in the privacy of their own bedroom. The roommate directed the social worker to the garage. The social worker freely and easily walked in, and the Department's concern is that this minor . . . could have just as easily walked in during this activity." Recognizing that D. was not the person who witnessed the sexual behavior alleged in the petition, the court stated, "There is substantial risk as to this child, and it even was argued that this child has explained that he's seen some affectionate behavior including lying on the couch and what have you. *And I have no idea whether* even that innocent act might have devolved into more – again, in areas that are easily accessible to this minor." (Italics added.) The court sustained the petition as described.

As for disposition, the juvenile court ordered Suzanne to undergo drug and alcohol services, domestic violence counseling, parenting classes, and to submit to a mental health assessment. The court awarded Suzanne monitored visits for three hours, three times per week. Suzanne appealed.

## DISCUSSION

Suzanne's sole contention on appeal is that there is no evidence to support the sex abuse allegation. She does not challenge the bases for jurisdiction to which she pled no contest. Nor does she claim error in the disposition order.

The Department does not dispute the facts or defend the sufficiency of the evidence to support the finding under counts (b)(5) and (d)(1). Instead, the Department

contends that the issue is not justiciable because we are unable to give Suzanne any effective relief. The justiciability doctrine generally counsels against deciding an appeal unless it involves "a present, concrete, and genuine dispute as to which the court can grant effective relief." (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1489.) The Department argues that as Suzanne does not challenge the order sustaining the counts concerning her alcohol abuse, domestic violence and emotional problems, the juvenile court has jurisdiction over D. irrespective of what happens on appeal to counts (b)(5) and (d)(1). Therefore, the Department argues, Suzanne's jurisdictional challenge is not justiciable.

Suzanne counters that we should nonetheless address the issue because the ruling will be prejudicial to her when the guardianship comes up for review, or if she is involved in future child dependency proceedings. We agree that the ruling poses the risk to Suzanne that she cites. "Few crimes carry as much (or as much deserved) social opprobrium as child molestation. Most people would rather be accused of bank robbery." (*Blanca P. v. Superior Court* (1996) 45 Cal.App.4th 1738, 1752.) "With the exception of death penalty cases, it is hard to imagine an area of the law where there is a greater need for *reliable findings by the trier of fact*. The consequences of being wrong -- *on either side* -- are too great." (*Id*. at p. 1754, first italics added.) Because of the ramifications of the finding that counts (b)(5) and (d)(1) are true, we shall exercise our discretion and consider the merits of Suzanne's appeal. (*In re D.C.* (2011) 195 Cal.App.4th 1010, 1015, citing *In re C.C.* (2009) 172 Cal.App.4th 1481; see also *In re Drake M*. (2012) 211 Cal.App.4th 754, 762-763 [prejudice to appellant by failing to address merits of nonjusticiable appeal].)

"At a jurisdictional hearing, a finding that the minor is a person described in section 300 must be supported by a preponderance of the evidence. [Citations.]" (*In re Heather A*. (1996) 52 Cal.App.4th 183, 193.)

A child will come within the jurisdiction of the juvenile court under subdivision (d) of section 300 if "The child has been sexually abused, or there is a substantial risk that the child will be sexually abused, as defined in Section 11165.1 of the Penal Code, by his or her parent or guardian or a member of his or her household, or the parent or guardian

4

has failed to adequately protect the child from sexual abuse when the parent or guardian knew or reasonably should have known that the child was in danger of sexual abuse."

Penal Code section 11165.1 defines sexual abuse as "sexual assault." That section then explains that conduct described as "sexual assault" includes inter alia, "The intentional touching of the genitals or intimate parts . . . or the clothing covering them, *of a child*, *or* of the perpetrator *by a child*, for purposes of sexual arousal or gratification, except that it does not include acts which may reasonably be construed to be normal caretaker responsibilities; interactions with, or demonstrations of affection for, the child; or acts performed for a valid medical purpose." (Pen. Code, § 11165.1, subds.(a), (b)(4), italics added.)

There is simply no evidence that D. was sexually abused or assaulted as those terms are used in Penal Code section 11165.1 and hence in section 300, subdivision (d). As Suzanne observes, the only sexual conduct here occurred between consenting adults, in a building separated from Suzanne's house, that did *not involve the child as a participant or witness*. There is no evidence that any acts listed in Penal Code section 11165.1 were committed on or by D., or that Suzanne failed to protect the child from sex abuse by another. The petition does not even allege that D. witnessed any sexual activity as defined in section 300, subdivision (d).

The juvenile court acknowledged that D. never saw Suzanne engage in inappropriate sexual activity. Instead, the court speculated about the *possibility* that the child *could* have walked in on Suzanne just as the social worker had. Yet, even if he had walked in on Suzanne in the act, that does not constitute sexual abuse as defined by Penal Code section 11165.1. There is simply no evidence that D. was sexually abused or at risk of sexual abuse as that term is defined by section 300, subdivision (d). The petition fails to state facts sufficient to bring the child within subdivision (d) because it does not allege that any sexual acts were done to or by the child.

## DISPOSITION

The portion of the June 11, 2014 jurisdiction order sustaining counts (b)(5) and (d)(1) is reversed. In all other respects, that order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, J.

We concur:

EDMON, P. J.

JONES, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.